# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

**GREGORY L. CURTIS, JR.,**

    Petitioner,

v.                                            Case No. 1:23cv090-AW/MAF

**STATE OF FLORIDA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION

On March 3, 2023, Petitioner Gregory L. Curtis, Jr., a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, transferred to this Court from the Middle District of Florida, ECF Nos. 3, 4. After direction from this Court, Petitioner filed an amended § 2254 petition on the proper form, ECF No. 7, and he also submitted a supporting memorandum, ECF No. 9. On July 19, 2023, Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 11. Petitioner filed a reply, with exhibits, on September 13, 2023. ECF No. 13.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration,

the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition should be dismissed as untimely. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Gregory L. Curtis, Jr., challenges his conviction and sentence from the Eighth Judicial Circuit, Alachua County, Florida, following the revocation of his probation. ECF No. 7. In particular, on May 13, 2014, pursuant to a negotiated plea agreement, Curtis entered a no contest plea in Alachua County case numbers 2012-CF-4799 (one count of grand theft), 2013-CF-3381 (one count of counterfeiting goods or services), and 2014-CF-0821 (one count of grand theft), all third degree felonies, for which the trial court sentenced him to 90 days in jail in each case, with the sentences to run concurrently, followed by 36 months' probation. Exs. A (plea agreement and order accepting plea); B (probation order).[1] On May 27, 2014, the State filed an affidavit alleging Curtis had committed two violations

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 11.

of Condition 5 of his probation, by committing two new law offenses, specifically human trafficking and prostitution involving minors, for which he had been arrested on May 22, 2014.  Ex. C.

A violation of probation (VOP) evidentiary hearing took place on April 30, 2015.  Ex. D (hearing transcript).  At the conclusion of the hearing, the trial court found Curtis "in willful and material violation of his probation."  *Id*. at 190.  The court also found "the State actually proved its case beyond the exclusion of a reasonable doubt, if this was a non-jury trial."  *Id*.  The judge revoked Curtis's probation in each of the three felony cases, and sentenced him to a total of 15 years in prison, five years in prison on each case, to run consecutively.  *Id*. at 194-95; Ex. E.

Curtis appealed to the First District Court of Appeal (First DCA), assigned case number 1D15-2206, and his counsel filed an initial brief, Ex. F.  The State filed an answer brief.  Ex. G.  On March 18, 2016, a panel of the First DCA, consisting of Judges Bilbrey and Jay, and Associate Judge McCallum, per curiam affirmed the case without a written opinion.  Ex. H; <u>Curtis v. State</u>, 186 So. 3d 1025 (Fla. 1st DCA 2016) (table).  The mandate issued April 5, 2016.  Ex. H.  Curtis did not seek further review.

On June 30, 2016, Curtis filed a pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in the state trial court.

Ex. I. By order on July 7, 2016, the court found the motion facially insufficient and dismissed it without prejudice to Curtis filing a facially sufficient motion within sixty (60) days. Ex. J. On July 18, 2016, Curtis filed an amended Rule 3.850 motion, Ex. K, and thereafter he moved to withdraw that motion and filed a third Rule 3.850 motion on August 14, 2015, *see* Ex. L. By order on August 2, 2016, the circuit court dismissed the August 15 motion without prejudice to Curtis filing a timely Rule 3.850 motion. Ex. L.

On November 18, 2016, Curtis filed another amended Rule 3.850 motion. Ex. M. By order rendered July 28, 2017, the court summarily denied post-conviction relief. Ex. N. Curtis did not timely appeal this order. *See* ECF No. 11 at 4.

In a mailing postmarked March 15, 2018, Curtis filed a "Notice of Belated Appeal" in the state trial court, concerning "the plea offer of 36 months probation rendered May 14th 2014." Ex. U. The trial court sent the notice to the First DCA, which opened case number 1D18-1175. *See* Ex. V. By order on December 4, 2018, the First DCA dismissed the proceeding because Curtis did not comply with its orders requiring the filing of a supplemental certificate of service. *See id*.

On May 6, 2018, Curtis filed a pro se motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b) in the state trial

court.  Ex. O.  By order rendered May 14, 2018, the court denied the motion, considering it as filed pursuant to Rule 3.850 and finding the claims procedurally barred as untimely.  Ex. P.  Curtis appealed to the First DCA, assigned case number 1D18-2468.  Ex. Q.  On February 21, 2019, a panel of the First DCA, consisting of Judges Rowe, Bilbrey, and Kelsey, per curiam affirmed the case without a written opinion.  Ex. R; Curtis v. State, 265 So. 3d 574 (Fla. 1st DCA 2019) (table).  The mandate issued March 21, 2019.  Ex. R.

In the meantime, in a mailing postmarked July 13, 2018, Curtis filed a "Notice of Belated Appeal" in the state trial court, concerning the "Final Order entered on Defendant's 3rd Postconviction Motion filed under Rule 3.850." Ex. S.  The trial court sent the notice to the First DCA, which opened case number 1D18-3052.  *See* Ex. T.  On July 23, 2018, the First DCA directed Curtis to file a copy of the order being appealed within 10 days.  *See id*.  By order on August 28, 2018, the First DCA dismissed the proceeding because Curtis did not respond to the July 23 order.  *See id*.

Also, on or about July 16, 2018, Curtis filed another "Motion for Post Conviction Relief" in the state trial court.  Ex. W.  In an order rendered July 26, 2018, the court denied the motion, finding it procedurally barred as untimely.  Ex. X.  On or about September 4, 2018, Curtis filed a notice of

appeal in the First DCA, which opened case number 1D18-3753. Ex. Y. By order on October 25, 2018, the First DCA dismissed the proceeding because Curtis did not respond to the court's order directing him to show cause why the appeal should not be dismissed as untimely. *Id*.

According to the Alachua County Circuit Court docket printout provided by Respondent, beginning on or about April 22, 2021, Curtis filed additional post-conviction motions in the state trial court, which were denied and appealed to the First DCA. Ex. Z. On July 22, 2022, the docket indicates receipt of an order from the First DCA "barring orders unless filed by a member in good standing." *Id*.

As indicated above, on March 3, 2023, Curtis filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, transferred to this Court from the Middle District of Florida, ECF Nos. 3, 4. After direction from this Court, Petitioner filed an amended § 2254 petition on the proper form, ECF No. 7, and he also submitted a supporting memorandum, ECF No. 9. Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 11. Petitioner filed a reply, with exhibits. ECF No. 13.

## Analysis

Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment that prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id*. § 2244(d)(1)(B)-(D). The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, as indicated above, on March 18, 2016, the First DCA per curiam affirmed Curtis's appeal without a written opinion. Ex. H; Curtis v. State, 186 So. 3d 1025 (Fla. 1st DCA 2016) (table). Curtis did not seek further review. Accordingly, his VOP conviction became final for federal habeas purposes on **June 16, 2016**, upon expiration of the ninety-day period for seeking certiorari review in the U.S. Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A); *see also, e.g.*, Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235,

1236-37 (11th Cir. 2004); Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). He had one year thereafter, or until June 16, 2017, to file a federal habeas petition, absent tolling activity. *See, e.g.*, Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1218 (11th Cir. 2017) (explaining conviction became final "on December 23, 2002, when the time for seeking a writ of certiorari from the United States Supreme Court expired" and "[o]n that same date, Cadet's one-year statute of limitations for filing a federal habeas petition began to run," citing 28 U.S.C. § 2244(d)(1)(A)); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

As set forth above, Curtis filed his first Rule 3.850 motion on June 30, 2016, stopping the AEDPA clock at 14 days. Ex. I. The clock resumed running on August 28, 2017, when he did not appeal the order rendered July 28, 2017, denying post-conviction relief. Ex. N; *see* ECF No. 11 at 4. *See also* Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006) (holding state post-conviction proceeding remained "pending" for purposes of § 2244(d)(2) until time to seek appellate review expired); Fla. R. Crim. P. 3.850(k) (providing 30 days to appeal final order denying post-conviction relief). At this point, Curtis had 351 days left in his AEDPA limitations period.

Curtis filed his first "Notice of Belated Appeal" in March 2018. *See* Ex. U. As Respondent asserts, however, this did not toll the AEDPA limitations period because "a petition for belated appeal is not an application for collateral review within the meaning of section 2244(d)." Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1141 (11th Cir. 2015) (holding petition for belated appeal does not qualify as application for collateral review because, under Florida law, it "does not reach the merits of the anticipated appeal or the validity of the order to be appealed"); *accord, e.g.*, Danny v. Sec'y, Fla. Dep't of Corr., 811 F.3d 1301, 1304 (11th Cir. 2016).

On May 6, 2018, Curtis filed a Rule 3.800(b) motion in the state trial court. Ex. O. As Respondent asserts, this motion, which the state court treated as filed under Rule 3.850 and denied as untimely, was not "properly filed" and did not toll the AEDPA limitations period. Ex. P; *see* ECF No. 11 at 9. Because the state court rejected the motion as untimely, such was not "properly filed" for purposes of § 2244(2) and did not toll the AEDPA limitations period. *See* Pace v. DiGuglielmo, 544 U.S. 408, 413-15 (2005) (holding state post-conviction petition rejected by state court as untimely under state law is not "properly filed" within meaning of § 2244(d)(2)); Allen v. Siebert, 552 U.S. 3, 7 (2007) (explaining state time limits constitute filing conditions and, thus, state post-conviction relief petition is not "properly filed"

within meaning of tolling provision of AEDPA limitations period for federal habeas petitions if state court rejected petition as untimely); Sweet v. Sec'y, Fla. Dep't of Corr., 467 F.3d 1311, 1316-18 (11th Cir. 2006) (explaining, among other things, "when a state court determines that a petition is untimely, and also rejects the substantive claim on the merits, the timeliness decision standing alone compels a federal court to conclude that the state motion was not 'properly filed'"). The same is true for the state post-conviction motion Curtis filed in July 2018, Ex. W, denied as untimely, Ex. X – it was not "properly filed" and thus did not toll the AEDPA limitations period.

In July 2018, Curtis also filed another "Notice of Belated Appeal." Ex. S. As with his first such notice, this notice likewise did not toll the AEDPA limitations period because "a petition for belated appeal is not an application for collateral review within the meaning of section 2244(d)." Espinosa, 804 F.3d at 1141.

After 351 days, the AEDPA clock expired on August 13, 2018, as Curtis did not have any "properly filed" tolling applications for state post-conviction or collateral review within that time period. Therefore, his § 2254 petition, filed March 3, 2023, is untimely.

In his reply, Curtis asserts actual innocence. ECF No. 13. To the extent he thus argues his incarceration constitutes a "fundamental

miscarriage of justice" because he is "actually innocent," such that he should benefit from the equitable exception to the AEDPA statute of limitations set forth in McQuiggin v. Perkins, 569 U.S. 383 (2013), this argument should be rejected.

In McQuiggin, the U.S. Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" even when the AEDPA time has expired. 569 U.S. at 386. The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)); see Gore v. Crews, 720 F.3d 811, 817 (11th Cir. 2013) (explaining U.S. Supreme Court "has not recognized any equitable exceptions to the statutory bars on habeas petitions when the petitioner does not make a 'credible showing' of actual innocence" and the Court's "most recent decision on the matter, McQuiggin, reaffirmed that principle, holding that there is an 'equitable exception' to the statute of limitations applicable to habeas claims, 28 U.S.C. § 2244(d), but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner'"). "To be

credible, such a claim requires a petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324; *see* McQuiggin, 569 U.S. at 401 ("We stress once again that the Schlup standard is demanding. The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (quoting Schlup, 513 U.S. at 316)).

In this case, Petitioner Curtis has not supported his claim that he is "actually innocent" with any new, reliable evidence, as required. *See, e.g.*, Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining actual innocence exception "is exceedingly narrow in scope, as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence" and "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial" (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998))). Nothing he points to or provides in his reply and exhibits constitutes new information. *See* ECF No. 13. Indeed, the arguments he raises concerning Kerrin Aycox's testimony and inconsistent statements, the jailhouse DVD recordings, and alleged ineffectiveness of his trial counsel,

were raised in and rejected by the state post-conviction trial court.  *See* Ex. N at 5-14.

Based on the foregoing, Petitioner Curtis has not opened the "gateway" described in <u>McQuiggin</u> and other cases such that his habeas claims may be considered on the merits.  His federal habeas petition should be dismissed as untimely.

## <u>Conclusion</u>

The § 2254 petition is untimely and Petitioner Curtis has not demonstrated entitlement to any exception to the one-year AEDPA limitations period.  Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 11, be **GRANTED**, and Petitioner Curtis's amended § 2254 petition, ECF No. 7, be **DISMISSED as untimely**.

## <u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 11) be **GRANTED** and the amended § 2254 petition (ECF No. 7) be **DISMISSED as untimely**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

IN CHAMBERS at Tallahassee, Florida, on October 27, 2023.

>S/ Martin A. Fitzpatrick
>MARTIN A. FITZPATRICK
>UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.